# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> TARONIS FUELS, INC., *et al.*,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 22-11121 (BLS) <br><br> (Jointly Administered) |
| MAGNEGAS REAL ESTATE HOLDINGS, LLC AND TARONIS FUELS, INC. <br><br> Plaintiffs, <br> v. <br><br> BLACK MOUNTAIN INVESTMENT COMPANY LLC <br><br> Defendant. | Adv. Proc. No. 23-50771 (BLS) |

## SCHEDULING ORDER

To promote the efficient and expeditious disposition of the above-captioned adversary proceeding, the following shall apply to this proceeding:

**IT IS HEREBY ORDERED** that:

1. <u>Rule 26(f) Conference</u>. The conference described in Fed. R. Civ. P. 26(f), as made applicable herein by Fed. R. Bankr. P. 7026, took place prior to the entry of this Order.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits (if any) of each Debtor's federal tax identification number include: Taronis Fuels, Inc. (7454), Taronis Sub IV LLC (6662), Taronis Sub III LLC (5826), Taronis Sub V LLC (8686), MagneGas Real Estate Holdings, LLC (7412), MagneGas IP, LLC (0988), MagneGas Production, LLC (7727), Taronis Sub I LLC (4205), Taronis-TAS, LLC (2356), Taronis-TAH, LLC (3542), and Taronis Sub II LLC (9673). The location of the Debtors' service address in these chapter 11 cases is c/o Aurora Management Partners (Attn: Tim Turek and David Baker) 112 South Tryon St., Suite 1770, Charlotte, NC 28284.

2. Rule 26(a)(1) Initial Disclosures. The parties shall serve the initial disclosures required by Fed. R. Civ. P. 26 (a)(1), as made applicable herein by Fed. R. Bankr. P. 7026, no later than **March 15, 2024**. The parties also shall serve the disclosures required by Local Rule 7026-3(b) and 7026-3(c) no later than **March 15, 2024**.

3. Non-Expert Discovery. All non-expert discovery (*i.e.*, fact discovery) shall be completed by **August 29, 2024**, with such discovery to proceed as follows:

   a. Document productions by the parties and non-parties shall be substantially completed by **May 15, 2024**.

   b. Depositions of parties and non-parties shall be completed by **August 29, 2024**. Not including expert depositions, there shall be a maximum of fifteen (15) depositions by the Plaintiffs and fifteen (15) depositions by the Defendant. Each deposition shall be limited to a maximum of seven (7) hours, unless extended by agreement of the parties. The parties, however, shall have the right to request additional depositions and/or extensions of their duration for good cause shown under Fed. R. Civ. P. 30(a)(2) and 30(d), as made applicable herein by Fed. R. Bankr. P. 7030.

4. Rule 26(a)(2) Expert Disclosures. The parties shall serve the expert disclosures required by Fed. R. Civ. P. 26(a)(2), as made applicable herein by Fed. R. Bankr. P. 7026, no later than **September 13, 2024**. With respect to any evidence that is intended solely to contradict or rebut evidence on the same subject matter identified by another party in its expert disclosures, the parties shall serve the expert disclosures required by Fed. R. Civ. P. 26(a)(2), as made applicable herein by Fed. R. Bankr. P. 7026, no later than **October 14, 2024**.

11347582v.2

5. Expert Discovery. All expert discovery shall be completed by **December 13, 2024**, with such discovery to proceed as follows:

   a. Depositions of expert witnesses shall be completed by **December 13, 2024**. Each deposition shall be limited to seven (7) hours, unless extended by agreement of the parties. The parties, however, shall have the right to request extensions of deposition duration for good cause shown under Fed. R. Civ. P. 30(a)(2) and 30(d), as made applicable herein by Fed. R. Bankr. P. 7030.

   b. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than thirty (30) days after completion of expert discovery.

6. Dispositive Motions. All dispositive motions, including opening briefs and supporting documents, shall be filed and served no later than **January 31, 2025**. All responses to dispositive motions, including answering briefs and supporting documents, shall be filed and served no later than **March 3, 2025**. All replies in support of dispositive motions, including reply briefs and supporting documents, shall be filed and served no later than **March 24, 2025**.

7. Discovery Disputes. Should counsel find that they are unable to resolve a discovery matter, the parties shall contact Chambers to advise of the dispute, unless a pretrial order provides otherwise. The party seeking relief from the Court shall file, and deliver to Chambers, a letter, not to exceed five (5) pages, in lieu of a formal motion, outlining the issues in dispute and its position on those issues. Any party opposing the request for relief shall respond by letter, not to exceed five (5) pages in length, no later than forty-eight (48) hours following receipt of the moving party's

11347582v.2

letter. After receipt of the response letter(s), the Court will then decide whether to schedule a conference to address the dispute(s) or whether to order that motion practice be followed.

8. <u>Pretrial Order</u>. No later than fourteen (14) business days prior to the day scheduled for trial, the parties shall file, and simultaneously deliver to the Court two copies, of a proposed joint pretrial order, stating: (a) the nature of the case, including claims of the parties; (b) the basis of Court's jurisdiction; (c) the stipulated facts; (d) the disputed facts; (e) the issues of law to be decided by the Court; (f) the names and addresses of witnesses, including expert witnesses, whose testimony the parties expect to offer at trial; (g) the deposition testimony that the parties expect to offer at trial; (h) a list of pre-marked exhibits, including written discovery and responses, which each party intends to offer at trial with a specification of those exhibits which will be admitted in evidence without objection, and those exhibits which will be objected to and the Federal Rule of Evidence supporting or opposing such objection; (i) a statement of what each party intends to prove in support of its claims or its defenses at trial; (j) a statement of the damages claimed or relief sought; (k) any motions in limine; (l) the probable length of trial; and (m) any other matters relevant to the trial of this proceeding. In addition, pursuant to Local Rule 7016- 2(d)(xv), the concluding paragraph of the proposed joint pretrial order shall read: "This Order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice."

9. <u>Pretrial Briefs</u>. If a party chooses to file a trial brief, it must be filed no later than five (5) business days prior to the day scheduled for trial.

10. <u>Modification of Order</u>. The deadlines set forth in this Scheduling Order may be extended or otherwise modified by: (a) written agreement of the parties without further order of the Court; or (b) by the Court for good cause shown.

11. <u>Mediation</u>. No later than one hundred twenty (120) days after the entry of this Order, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding. Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

12. The Plaintiffs shall immediately notify Chambers upon the settlement, dismissal, or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as thereafter as is feasible. Moreover, Plaintiffs shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiffs believe may suggest or necessitate the adjournment or other modification of the pretrial conference and/or trial setting.

**Dated: February 27th, 2024**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

11347582v.2